The defendant’s contention that the Supreme Court’s Sandoval ruling (see People v Sandoval, 34 NY2d 371 [1974]) reflects a failure to exercise discretion is unpreserved for appellate review (cf. People v Davis, 50 AD3d 1589, 1590 [2008]). In any event, the Supreme Court providently exercised its discretion in rendering its Sandoval ruling (see People v Brightly, 91 AD3d 667, 668 [2012]; People v Taylor, 18 AD3d 783, 784 [2005]; People v Coward, 248 AD2d 397, 397-398 [1998]). We note that “an exercise of a trial court’s Sandoval discretion should not be disturbed merely because the court did not provide a detailed recitation of its underlying reasoning, particularly where, as here, the basis of the court’s decision may be inferred from the parties’ arguments” (People v Walker, 83 NY2d 455, 459 [1994] [citation omitted]).
The defendant’s contention that the Sandoval ruling precluded him from offering the only testimony that would have been favorable to his case is similarly unpreserved for appellate review. In any event, the contention is without merit. Not only is the defendant’s contention belied by the record, but “the possible unavailability of other witnesses” does not mandate a Sandoval ruling in a defendant’s favor (People v Hayes, 97 NY2d 203, 208 [2002]; see People v Garcia, 45 AD3d 860 [2007]). Rivera, J.P., Dillon, Roman and Cohen, JJ., concur.